# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-043-RLV-DCK

| | |
|---|---|
| COLONIAL TRADING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BASSETT FURNITURE INDUSTRIES, INC., )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Motion By Plaintiff To Compel Discovery Responses Of Defendant And To Extend Discovery Deadline" (Document No. 39). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and the motion is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

Plaintiff Colonial Trading, LLC, ("Plaintiff" or "Colonial") originally filed its "Complaint" (Document No. 1-1) in this action on March 20, 2009, in the Superior Court of Iredell County, North Carolina. Defendant Bassett Furniture Industries, Inc. ("Defendant" or "Bassett") removed the lawsuit to this Court on April 24, 2009.

Defendant filed a "Motion For Judgment On The Pleadings" (Document No. 10) and a "Consent Motion To Stay Discovery Pending Resolution Of Defendant's Motion For Judgment On The Pleadings" (Document No. 12) on July 1, 2009. The "Consent Motion To Stay Discovery..." was granted on July 6, 2009; and the "Motion For Judgment On The Pleadings" was denied on December 7, 2010. (Document Nos. 13 and 25). The Court issued a "Pretrial Order And Case

Management Plan" (Document No. 29) on January 18, 2011, which *inter alia*, set the following deadlines: Discovery – June 30, 2011; Mediation – June 30, 2011; and Motions – July 30, 2011.

On July 1, 2011, the Court allowed the parties' "Joint Motion To Extend Time To Complete Discovery And To Extend Other Related Deadlines" (Document No. 31). (Document No. 32). The parties then filed a "Joint Motion To Extend Deadlines For ADR And Dispositive Motions" (Document No. 33) on August 29, 2011. That motion provided in pertinent part:

> The parties have made good faith efforts and diligently pursued discovery. At this time all depositions have been conducted. Pursuant to the Court's Order **all discovery will have been conducted as of the Discovery Deadline – August 30, 2011**. Any discovery conducted past August 30, 2011 will be supplementations by the parties.

(Document No. 33)(emphasis added). The motion did not seek additional time to conduct discovery. Id. The Court then extended the motions deadline to November 30, 2011; the mediation deadline to October 31, 2011; and set the matter for trial beginning March 5, 2012. (Document No. 34).

The parties filed a "Joint Motion To Extend The Deadline For Dispositive Motions And Reopen Discovery For An Additional Time Period" (Document No. 36) on November 29, 2011. This joint request to extend time was allowed, and the Court also ordered the parties to show cause on or before December 5, 2011, why a report on the results of mediation had not been timely filed. (Document No. 37). "Plaintiff's Status Report Of Mediation" (Document No. 38) was filed on December 9, 2011.

The pending "Motion By Plaintiff To Compel Discovery Responses Of Defendant And To Extend Discovery Deadline" (Document No. 39) was filed on January 10, 2012, one day before the deadline for additional discovery. Before responding to the pending motion to compel, "Defendant's Motion To Extend The Deadline For Dispositive Motions And Reopen Discovery For

2

An Additional Time Period" (Document 44) was filed January 31, 2012. Noting the consent of Plaintiff's counsel, the Court again allowed an additional extension of the case deadlines. (Document No. 45).

"Defendant's Response To Plaintiff's Motion To Compel Discovery Responses Of Defendant" (Document No. 46) was filed on February 1, 2012. "Defendant's Response..." contends that the pending motion to compel "is moot and inappropriate because Defendant has either responded to Colonial's requests or provided details as to when and what will be provided in Bassett's final supplemental production." (Document No. 46, pp.5-6). Plaintiff subsequently failed to file a timely reply brief, or notice of intent not to reply, pursuant to Local Rule 7.1(E).

On March 1, 2012, the Court ordered Plaintiff to file a reply brief in support of its pending motion to compel, or withdraw the motion. (Document No. 47). Plaintiff's "Reply..." (Document No. 48) was filed March 8, 2012. The "Reply..." acknowledges Defendant's partial compliance with providing information Plaintiff moved to be compelled, and notes that further production was expected by March 16, 2012. (Document No. 48, pp.2-4). Plaintiff also states that "despite the reasonable efforts of its counsel, Defendant has deliberately failed to engage in meaningful discovery in a timely way." (Document No. 48, p.6). Plaintiff's "Reply..." reasserts its request for sanctions against Defendant. (Document No. 48, p.7).

## DISCUSSION

After careful review of the record and the parties' briefs, the undersigned finds that Plaintiff's motion to compel should be denied without prejudice. The numerous delays and extensions in this case are regrettable. However, as the procedural history of this case clearly shows, responsibility for those delays is shared by both parties. For example, the parties jointly represented to the Court in August 2011 that discovery was complete in this case except for some

3

Case 5:09-cv-00043-RLV-DCK    Document 49    Filed 03/28/12    Page 3 of 5

supplementations, but have since twice moved to re-open discovery. (Document No. 33, 36, 44). Most recently, Plaintiff consented to extending the discovery deadline *after* filing its pending motion to compel discovery responses and failed to file a timely reply brief in support of its motion. (Document No. 44).

Finally, the undersigned further observes that the latest deadlines for completing discovery and filing motions passed on March 1, 2012 and March 9, 2012, respectively. The current status of discovery production is unclear, but it appears that most of the information Plaintiff sought has been provided, and/or may soon be provided. Neither party timely filed a dispositive motion, or has requested additional time to do so. This matter is currently set to begin trial on or about July 9, 2012.

Under these circumstances, the Court will deny Plaintiff's motion without prejudice. The Court advises the parties to complete discovery once and for all, as soon as possible, and then to focus their efforts on settlement or trial preparation.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Motion By Plaintiff To Compel Discovery Responses Of Defendant And To Extend Discovery Deadline" (Document No. 39) is **DENIED**. To the extent Plaintiff's pending motion seeks to extend the discovery deadline to January 30, 2012, it is **DENIED AS MOOT**; to the extent Plaintiff seeks to compel certain discovery responses and/or seeks sanctions, it is **DENIED WITHOUT PREJUDICE**.

Signed: March 28, 2012

David C. Keesler
United States Magistrate Judge