# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:09CV43-RLV

| | |
|---|---|
| COLONIAL TRADING, LLC, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>BASSETT FURNITURE INDUSTRIES, )<br>INC., )<br>      Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on a "Joint Motion To Quash Defendant Bassett Furniture Industries, Inc.'s ("Bassett") Subpoenas *Duces Tecum* ..." issued to individual member managers of the Plaintiff Colonial Trading, LLC ("Colonial"), namely, Joe Boggs, Chet Boggs, and Charles Boggs (collectively, the "movants" or "Objectors") as well as a "Joint Objection To Subpoenas *Duces Tecum* ...." (Docs. 58,59) Immediate review is appropriate in light of the time-sensitive nature of the request.

## I.

This civil action, which commenced in 2009, is scheduled for trial this month. Jury selection is to occur next Tuesday, July 10, 2012. The presentation of evidence, along with opening statements, will begin Monday, July 23, 2012.

On June 20, 2012, Bassett issued subpoenas to member managers of Colonial directing their appearance at the upcoming trial as well as the production of a host of documents and electronically stored information, including materials that Colonial asserts were produced previously.[1] (Doc. 59-1 / Attachment 1) According to Colonial, each of the three individuals subpoenaed "constitute all of the member managers of Plaintiff" ... and each "will be present at trial." (Doc. 58 / Joint Objection,

---

[1] Colonial claims that "To the best of Objectors' knowledge, no documents other than those previously produced exist." (Doc. 58 / ¶5)

¶4)

## II.

Rule 45 of the Federal Rules of Civil Procedure governs and provides:

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena **must take reasonable steps to avoid imposing undue burden** or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include . . . reasonable attorney's fees – on a party or attorney who fails to comply.

\*\*\*

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:
**(iv)** subjects a person to undue burden.

FED. R. CIV. P. 45(c)(1) and (c)(3)(A)(iv).

Although never squarely decided by the Fourth Circuit, the majority of courts hold that Rule 45 – which addresses subpoenas issued upon a "person" – may apply to a subpoena issued to either a party or a nonparty. *See* Neel v. Mid-Atlantic of Fairfield, LLC, 2012 WL 98558, \*1 (W.D.Md. 2012) (*internal citations omitted*). Among the courts finding that Rule 45 subpoenas may be served upon parties to the litigation, "the consensus is that such subpoenas constitute "discovery" and must be utilized prior to the close of the discovery period." Neel, 2012 WL 98558, \*1 (*internal citations omitted*); Mortg. Info. Servs. v. Kitchens, 210 F. R.D. 562 (W.D.N.C. 2002).

## III.

The instant Motion to Quash is well taken in that the Rule 45 subpoena seeks to extend discovery improperly. As the Magistrate Judge explained, this litigation has been pending approximately three (3) years and the parties have both sought, consented to, and benefitted from multiple extensions of time to complete discovery. (Doc. 54) Colonial claims to have already

produced "no fewer than 1966 pages of documents" during the discovery period, which finally concluded on March 1, 2012. (Doc. 58 / ¶4) In addition, Bassett has already deposed both Chet and Joe Boggs, two of the three individuals it now demands appear and produce documents. Bassett's subpoena contains no restrictions as to time despite the parties' business relationship of twenty-five (25) years. Similarly, the request for production is phrased broadly and requests production of items that "refer or relate to" upwards of ten (10) different topics. Under such circumstances, any contention that the subpoena *duces tecum* does not amount to a discovery request cannot survive the straight-face test. *See* Mortg. Info. Servs., 210 F. R.D. at 566-67 (a subpoena *duces tecum* meets the definition of discovery contained in Rule 26(a)(5), particularly where the requested documents encompass whole categories of documents opposed to specific items needed for trial exhibits.) (*internal citations omitted*). Finally, Colonial represents that, "[t]o the best of Movants' knowledge, "[n]o relevant documents other than those previously produced exist." (Doc. 59 / ¶9) For these reasons, the subpoena *duces tecum* is subject to the March 1, 2012 discovery deadline and must be quashed.

### IV.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Joint Motion To Quash Subpoena *Duces Tecum* is hereby **GRANTED**. Plaintiff's motion for sanctions is **DENIED**.

Signed: July 3, 2012

Richard L. Voorhees
United States District Judge